51 So.3d 576 (2010)
Robert M. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D10-1682.
District Court of Appeal of Florida, Fifth District.
December 23, 2010.
Robert M. Young, Kissimmee, pro se.
No Appearance for Appellee.
PER CURIAM.
Robert M. Young appeals the summary *577 denial of his rule 3.850 motion.[1] Young's postconviction motion made several claims of ineffective assistance of trial counsel. Two of those claims merit discussion and warrant reversal.
Young was convicted by a jury of one count of lewd and lascivious exhibition. The crime was perpetrated when an adult male, allegedly Young, exposed his genitalia under the stall of a department store restroom to a young boy in the adjoining stall. The State's argument at trial was that Young had to be the perpetrator, in part because no other person was in the restroom at the time.
At trial, the testimony of the investigating officer revealed that there was a surveillance videotape depicting the entrance to the restroom area. In his postconviction motion, Young asserted that defense counsel was ineffective for failing to discover the videotape prior to trial and for failing to move for a mistrial when he learned of the tape at trial. These claims should not have been summarily denied. Young alleges that the tape would have confirmed his contention that other men entered and exited the restroom during the time when the State's witnesses testified that only Young and the victim occupied the room. Because the record attachments do not conclusively refute these allegations, Young is entitled to an evidentiary hearing on the claims.
REVERSED and REMANDED for an evidentiary hearing.
LAWSON and EVANDER, JJ., concur.
JACOBUS, J., concurs and concurs specially, with opinion.
JACOBUS, J., concurring specially.
It is troubling to this judge that the surveillance tape was not originally secured by the investigating officer. It would be apparent to anyone that the tape would be a critical piece of evidence and a copy, at the minimum, should have been secured. It is also troubling that the officer was permitted to discuss the contents of the tape before the jury since that testimony was clearly inadmissible hearsay. Once the existence of the tape was discovered by Young's counsel, it would seem that Young would be entitled to a Richardson[2] hearing, even though, as the State claims, the tape was never offered into evidence and was never in its possession.
NOTES
[1] Fla. R.Crim. P. 3.850.
[2] Richardson v. State, 246 So.2d 771 (Fla. 1971).